**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02758-WJM-KLM

DOUGLAS ADAMS, and
GAYLE ADAMS,

    Plaintiffs,

v.

CLINE AGENCY, INC.,
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,
AMCO INSURANCE COMPANY,
NATIONWIDE MUTUAL INSURANCE COMPANY, and
LYNN MICHEL,

    Defendants.

---

**ORDER DENYING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

---

This action arises out of an insurance contract issued to Plaintiff Douglas Adams by Defendants AMCO Insurance Company, Allied Property and Casualty Company, and Nationwide Mutual Insurance Company (collectively "Nationwide") through Cline Agency and its agent, Lynn Michel. Before the Court are the following motions: (1) Nationwide's Motion for Summary Judgment (ECF No. 90); and (2) Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 130). For the reasons set forth below, both Motions are DENIED.

## I. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem*

*Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. ANALYSIS

On July 3, 2008, Nationwide[1] issued insurance policy number ACP MCTO 750353015 ("Policy") to Plaintiffs Doug and Gayle Adams for the purpose of insuring construction of a new residence. (ECF No. 130-1.) On November 28, 2008, an

---

[1] Defendants' Motion for Summary Judgment argues that Allied Property and Casualty Company and Nationwide Mutual Insurance Company did not issue the Policy to Plaintiffs and therefore should be dismissed from this action. (ECF No. 90 at 7-8.) However, there is evidence in the record that Plaintiffs made their premium payment on the Policy to Allied (ECF No. 90-2 at 27) and that the disputed notice of cancellation sent to Plaintiffs was sent by an employee of Nationwide (ECF No. 90-2 at 24). Therefore, the Court finds that it cannot determine as a matter of law that Nationwide and Allied are not associated with the Policy at issue here. The Court encourages the parties to work together in advance of trial to resolve this ancillary issue to minimize presentation of unnecessary evidence and avoid possible confusion of the jury.

accident (the "Accident") occurred on Plaintiffs' property which caused significant property damage and personal injury to sub-contractors that were working on the project. (Third Am. Compl. (ECF No. 44) ¶ 15.) When Plaintiffs notified Nationwide of the Accident, Nationwide informed them that the Policy had been cancelled. (*Id*. ¶ 16.) Plaintiffs were sued by their sub-contractors and Nationwide refused to provide a defense or indemnification for these lawsuits. (*Id*. ¶ 19.)

Based on these facts, Plaintiffs bring claims against Nationwide for: (1) breach of contract; (2) common law bad faith breach of contract; and (3) statutory bad faith breach of contract in violation of Colo. Rev. Stat. §§ 10-3-1115 & 1116. (ECF No. 44 at 7-9.) Nationwide moves for summary judgment on all three claims. (ECF No. 90.) Plaintiffs move for summary judgment on whether the Policy was in effect on at the time of the Accident. (ECF No. 130.) The Court will address these claims in turn below.

**A.    Breach of Contract**

Plaintiffs allege that Nationwide breached the terms of the Policy by refusing to provide a defense and failing to indemnify the Plaintiffs for the personal injuries and property damage that arose from the Accident. (Compl. ¶ 33.) Nationwide contends that summary judgment is appropriate on this claim because it cancelled the Policy as of September 14, 2008. (ECF No. 90 at 10.) Plaintiffs deny that the Policy was cancelled before the Accident occurred. (ECF No. 122 at 18.)

In the section of the Policy entitled "Cancellation", it states:

>    2.    We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least . . . 30 days before the effective date of cancellation.
>    3.    We will mail or deliver our notice to the first Named

        Insured's last mailing address known to us.
4.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.
5.  If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. . . . The cancellation will be effective even if we have not made or offered a refund.
6.  If notice is mailed, proof of mailing will be sufficient proof of notice.

(ECF No. 90-4 at 22.) Colorado courts[2] "construe an insurance policy's terms according to principles of contract interpretation" and therefore "terms in an insurance policy should be assigned their plain and ordinary meaning." *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004).

Nationwide contends that it mailed Plaintiffs a Notice of Cancellation ("NOC") on July 28, 2008 stating that the Policy would be cancelled as of September 14, 2008. (ECF No. 90 at 10.) Because the Policy provides that cancellation is effective upon mailing, to survive summary judgment, Plaintiffs must show a genuine dispute of fact as to whether Nationwide mailed a notice of cancellation in accordance with the terms of the Policy.

A review of the record shows that there is a genuine dispute of fact as to whether Nationwide mailed a cancellation to Plaintiffs. Nationwide relies on the affidavit of Connie Thein which states that she "delivered the [NOC] . . . to the United States Postmaster for delivery." (ECF No. 90-2 at 24.) However, Ms. Thein testified in her deposition (which was taken after her affidavit was offered in support of Nationwide's

---

[2] Because this matter is before the Court on diversity jurisdiction, the Court applies the Colorado law to all issues. *Romero v. Int'l Harvester Co.*, 979 F.2d 1444, 1449 n.3 (10th Cir. 1992).

Motion for Summary Judgment) that this was not an accurate statement. Ms. Thein testified that she simply printed out the NOC, put it in an envelope, and placed the envelope in an internal "mail" box. (ECF No. 122-6 at 11.) She was not involved with putting postage on the envelope or ensuring that the envelope was actually taken to the Postmaster. (*Id.*) A different department of Nationwide was responsible for picking up the envelope from the box and taking it to the mail processing facility; Ms. Thein was not involved in that process. (*Id.*)

Nationwide also relies on a form that was attached to Ms. Thein's affidavit. (ECF No. 90-2 at 26.) Nationwide alleges that the form is a "proof of mailing" that is sufficient to meet its evidentiary burden of showing that the NOC was mailed to Plaintiffs. (ECF No. 90 at 10.) However, during her deposition, Ms. Thein testified that she did not complete this form and had no personal knowledge of how the form was completed. (ECF No. 122-6 at 15.) Because Ms. Thein does not have personal knowledge of the form and no other foundation had been laid for the form, the Court cannot consider it on summary judgment. *See* Fed. R. Civ. P. 56(c) (an affidavit used to support a motion for summary judgment must be made on personal knowledge and set out facts that would be admissible in evidence); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995).

Moreover, Nationwide has not produced a copy of the NOC that was allegedly mailed to Plaintiffs. (ECF No. 122-3.) The only document that was produced was a "Branch Office Copy" of the NOC and a copy of a fax that was allegedly sent to the Cline Agency. (ECF Nos. 122-9 at 2; 90-2.) Nationwide claims that it cannot produce the actual NOC mailed to Plaintiffs because it is their policy that such letters are not

retained. While they can certainly argue this justification to the jury, the fact remains that the a copy of the actual NOC has not been offered as evidence at this time. Thus, the Court finds that Nationwide has not put forth sufficient evidence to support its allegation that the NOC was delivered to the Postmaster.

Additionally, there is an abundance of circumstantial evidence in the record that could be reasonably interpreted to show that Nationwide did not cancel the Policy in July 2008. Ms. Thein testified that she was responsible for sending notices of cancellation in July 2008 and that she always sent notices of cancellation by certified mail. (ECF No.122-6 at 44.) However, Nationwide informed Plaintiffs on January 21, 2009 that "per the notes on file, this [their NOC] was not sent by certified mail." (ECF No. 122-9.) When Plaintiffs took out the Policy, they were told that the premium would be $600 for coverage under the Policy until July 2009. (ECF No. 90-1.) On August 14, 2008—over two weeks after it allegedly cancelled Plaintiffs' Policy—Nationwide sent Plaintiffs a bill for $600, which they paid in full. (ECF No. 122-7.) Finally, although Nationwide allegedly terminated the Policy in July 2008 and such termination was effective in September 2008, it did not refund any of Plaintiffs' $600 premium until November 26, 2008—the day *after* the Accident occurred on the Plaintiffs' property. (ECF No. 90-2 at 27.)

Based on this evidence, the Court finds that Plaintiffs have shown a genuine dispute of fact as to whether Nationwide cancelled the Policy before the November 25, 2008 Accident. Accordingly, Nationwide's Motion for Summary Judgment is denied as to Plaintiffs' breach of contract claim.

Additionally, Plaintiffs' Cross-Motion for Summary Judgment argues that

Nationwide was not permitted to cancel the Policy under Colorado law. Because the Court has found that there is a genuine dispute of fact as to whether the Policy was actually cancelled, the Court need not decide at this juncture whether such cancellation would have violated Colorado law. Plaintiffs also contend that the NOC was an endorsement which required Mr. Adams's signature to be valid. The Court finds this issue is more properly addressed at trial either by the Court via the parties' mid-trial and post-trial motions or by the jury after the conclusion of all of the evidence. Accordingly, Plaintiffs' Cross-Motion for Summary Judgment is denied without prejudice to Plaintiffs re-raising these arguments at a later stage of this proceeding.

**B.     Bad Faith Claims**

Plaintiffs also bring claims alleging that Nationwide breached both the common law and statutory duty to act in good faith towards its insured. (Compl. pp. 7-8.) Nationwide moves for summary judgment arguing that there was no insurance contract in effect when the November 25, 2008 Accident occurred so its conduct following this accident could not have been bad faith. (ECF No. 90 at 12.) Because the Court has found that there is a trial-worthy dispute as to whether Nationwide cancelled the Policy before the Accident, whether Nationwide acted in bad faith must also be decided at trial. Accordingly, Nationwide's Motion for Summary Judgment is denied as Plaintiffs' common law and statutory bad faith claims.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Nationwide's Motion for Summary Judgment (ECF No. 90) is DENIED;

2. Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 130) is DENIED; and

3. All claims shall proceed to trial by jury as previously scheduled by the Court.

Dated this 14th day of June, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge