**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-02758-WJM-KLM

DOUGLAS ADAMS, and
GAYLE ADAMS,

      Plaintiffs,

v.

CLINE AGENCY, INC.,
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,
AMCO INSURANCE COMPANY,
NATIONWIDE MUTUAL INSURANCE COMPANY, and
LYNN MICHEL,

      Defendants.

---

## ORDER DENYING DEFENDANT'S MOTION *IN LIMINE*

---

This action arises out of an insurance contract issued to Plaintiff Douglas Adams by Defendants AMCO Insurance Company, Allied Property and Casualty Company, and Nationwide Mutual Insurance Company through Cline Agency and its agent, Lynn Michel (collectively "Defendants"), an attempted claim made on the policy after an incident on November 25, 2008, and subsequent litigation arising out of the November 25, 2008 incident ("Underlying Litigation") in which Plaintiffs Douglas Adams and Gayle Adams (collectively "Plaintiffs") were named as parties.  This matter is before the Court on Defendants' Motion *in Limine* on Evidence of Damages Not Disclosed By Plaintiffs ("Motion").  (ECF No. 157.)  Defendants move to exclude all evidence of Plaintiffs' alleged damages at trial that was not timely disclosed under Fed. R. Civ. P. 26(a)(1)(iii) and 37(c)(1).  (*Id.*)  For the reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides, in relevant part:

**(a) Required Disclosures.**

**(1) Initial Disclosure.**

**(A) In General.** Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

. . .

**(e) Supplementing Disclosures and Responses**.

**(1) In General.**  A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

Fed. R. Civ. P. 26.

Where a party fails to comply with Rule 26, the opposing party has recourse in

Rule 37, which provides, in relevant part: "If a party fails to provide information or

identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Rule 37(c)(1) also provides for additional or alternative sanctions, including payment of attorneys' fees, jury instructions regarding the nondisclosure, and discovery-related sanctions.  *Id.*  The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1).  *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

The sanctions available under Rule 37(c) are often described as "self executing" and "automatic."  Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 37 (2012).  However, in addressing Rule 37 generally, the Tenth Circuit has made clear that "[t]he protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion."  *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971); *see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Rule 37(c)(1)); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations).

## II.  ANALYSIS

Defendants' Motion in Limine makes two principal arguments: (1) pursuant to

Federal Rule of Civil Procedure 37(c), all evidence of Plaintiffs' damages that was not timely disclosed under Rule 26 should be excluded from evidence; and (2) Plaintiffs' litigation-induced emotional distress damages are not recoverable as a separate component of damages.  (ECF No. 157 at 1-7.)  The Court will review each argument in turn.

## A.    Late-Disclosed Evidence of Damages

Defendants argue that Plaintiffs' failure to disclose evidence regarding their claimed damages violated Rule 26, and request that the Court exclude all such evidence pursuant to Rule 37(c).  (*Id.*)  Defendants attest that although they were aware that Plaintiffs' damages would fall into two general categories—emotional distress damages resulting from Defendants' failure to provide a defense in the Underlying Litigation, and the costs of Plaintiffs' legal defense in the Underlying Litigation and indemnity paid by Plaintiffs' other insurer—, Plaintiffs disclosed no evidence of these damages or the dollar amounts Plaintiffs intended to demand.  (*Id.* at 2-3.)  Defendants indicate that their attempts to obtain information about such damages in Plaintiffs' depositions were unfruitful, as Plaintiffs refused to discuss specifics regarding the damages due to a confidentiality agreement in the Underlying Litigation.  (*Id.* at 6.)

Plaintiffs admit that they delayed disclosing the damages amounts they would be seeking for the legal costs in the Underlying Litigation until serving Defendants with Plaintiffs' Seventh Supplemental Disclosures on May 31, 2013, two weeks after Defendants filed the instant Motion.  (ECF No. 174 at 5, Ex. C.)  Plaintiffs did not subpoena such information until earlier the same day, May 31, 2013.  (ECF No. 174-5.)

4

However, Plaintiffs argue that Defendants are not prejudiced by this late disclosure, as Defendants already had information regarding the nature of the damages demand and the sources of evidence that would be used to prove such damages.  (*Id.* at 7-8.) Although the relevant witness, Laura Tighe, Esq., was not disclosed under Rule 26 as an individual with discoverable information until May 31, 2013, Plaintiffs point out that they disclosed her in the Final Pretrial Order, entered on April 16, 2012, as a person who may be called at trial with regard to the Underlying Litigation and damages asserted.  (*Id.* at 4; *see* ECF No. 144 at 12.)  Further, citing a letter between counsel in the instant case, Plaintiffs point out that Defendants' counsel was aware that Ms. Tighe was counsel for Plaintiffs' insurer in the Underlying Litigation as early as March 9, 2011, and could have sought information from her.  (ECF No. 174-6.)

Plaintiffs further contend that Defendants will not be prejudiced because they were given the opportunity to conduct discovery and prepare their case with regard to this late-disclosed information.  (ECF No. 174 at 7-8.)  Because the Underlying Litigation was not settled until December 2011, after the close of discovery in November 2011, Plaintiffs indicated in the Final Pretrial Order that additional disclosures would be required once the specific damages amounts arising out of the Underlying Litigation were known, and stated that additional discovery may be requested by Defendants as a result of the delay.  (ECF No. 144 at 17.)  While Defendants opposed the addition of any undisclosed new claims, Magistrate Judge Kristen L. Mix, presiding over the Final Pretrial Conference, invited any such discovery motion to be made pursuant to her standard discovery procedures.  (*Id.*)  Plaintiffs agreed to allow additional discovery in this regard, but Defendants did not seek any such discovery.  (ECF No. 174 at 5.)

With respect to Plaintiffs' Seventh Supplemental Disclosures, there is no dispute that the evidence therein was not timely disclosed; the filing of the instant Motion appears to have triggered the disclosure, and Plaintiffs argue not that the disclosure was timely, but that Defendants will not be prejudiced by its tardiness.  Thus, the question before the Court is whether Rule 37(c) mandates exclusion of this evidence. "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."  *Woodworker's Supply*, 170 F.3d at 993. The Tenth Circuit has identified four factors for consideration in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness.  *Id*.

Considering this record as a whole, the Court finds that in these circumstances Defendants were not surprised by the disclosure of Ms. Tighe as a potential witness or person with discoverable information.  Although Plaintiffs violated Rule 26 in failing to timely include Ms. Tighe as an individual likely to have discoverable information until after the instant Motion was filed, Defendants had notice of the nature of Plaintiffs' damages and Ms. Tighe's role in the Underlying Litigation prior to the close of discovery, and Ms. Tighe was disclosed as a potential witness in the Final Pretrial Order.  Similarly, although Plaintiffs violated Rule 26 in failing to subpoena the relevant dollar amounts until May 31, 2013, when such amounts could likely have been discovered at any time after the settlement of the Underlying Litigation in December 2011, Defendants were likewise not surprised that this category of damages would be sought.

Similarly, the prejudice to Defendants that would normally attend such a tardy disclosure is mitigated here, where Defendants were specifically invited by the Magistrate Judge to reopen discovery after the Final Pretrial Conference to seek information regarding such damages.  Because Defendants appear to have taken an all-or-nothing approach to Plaintiffs' evidence of damages, and declined to seek discovery of such evidence despite sufficient knowledge that it existed, Defendants bear some responsibility for their asserted lack of "adequate opportunity to prepare a defense for any such undisclosed evidence."  (ECF No. 157 at 6.)  In submitting their Seventh Supplemental Disclosures, and in agreeing to additional discovery on the matter, Plaintiffs have already taken steps to cure the prejudice to Defendants.  Although Plaintiffs' tardiness was in error, there is no evidence that it was willful or undertaken in bad faith, nor is there any indication here that presentation of evidence of Plaintiffs' damages will disrupt the trial, as the parties undoubtedly contemplated that Plaintiffs would attempt to prove their damages.

Therefore, having weighed the factors which the Court is to consider under Rule 37(c), on balance the Court finds that wholesale exclusion of the evidence of Plaintiffs' damages is not the appropriate remedy here.  However, there is no doubt that the late disclosure of this evidence violated Rule 26, and although Defendants failed to move for discovery of such evidence, Defendants cannot be held solely responsible for curing Plaintiffs' errors.  While Defendants were prejudiced to some degree by Plaintiffs' late disclosure, such prejudice is easily cured by reopening discovery for the limited purpose of allowing Defendants to prepare their case with respect to Plaintiffs' damages evidence.  Therefore, to alleviate any prejudice to Defendants caused by Plaintiffs' late

7

Seventh Supplemental Disclosures, the Court will permit Defendants to reopen discovery for the sole and limited purpose of taking two depositions on the issue of Plaintiffs' damages, of no more than two hours each, and prior to trial.

**B.     Litigation-Induced Emotional Distress**

Defendants' Motion includes a two-paragraph argument that Plaintiffs' emotional distress damages in the form of "litigation-induced stress" are not recoverable as a separate component of damages, and that Defendants should not be liable for such damages.  (ECF No. 157 at 5.)  Although Defendants do not explicitly state that evidence of these damages should be excluded at trial, the Court construes Defendants' argument as such a request.

Defendants' position appears to be that, because courts have not permitted plaintiffs to recover litigation-induced emotional distress damages, evidence of such damages is irrelevant and inadmissible.  Defendants cite five state court cases from outside of Colorado as support for this contention.  (ECF No. 157 at 5.)  The Court agrees that in state courts and federal courts alike, plaintiffs generally may not recover for stress and emotional distress caused by the very litigation process in which they are attempting to obtain such recovery.  *See Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Timms v. Rosenblum*, 713 F. Supp. 948, 955 (E.D. Va. 1989), *aff'd*, 900 F.2d 256 (4th Cir. 1990); *Clark v. United States*, 660 F. Supp. 1164, 1200 (W.D. Wash. 1987), *aff'd*, 856 F.2d 1433 (9th Cir. 1988).  Were the emotional distress damages claimed by Plaintiffs equivalent to those in the cases discussing litigation-induced stress, the Court would agree that such damages are unrecoverable and irrelevant.

However, Plaintiffs' emotional distress damages in the instant case are distinguishable.  As Plaintiffs' Response explains, "the Adamses are not seeking to recover for their emotional distress, anger, frustration, loss of use of their time, *et cetera* in connection with *this* case"; rather, they seek damages for the emotional distress they experienced because of Defendants' refusal to defend them the Underlying Litigation. (ECF No. 174 at 8 (emphasis in original).)  Because Plaintiffs' claim for emotional distress amounts to an argument that it was caused by Defendants' failure to defend them against the claims in the Underlying Litigation—not, as in the cited cases, by Plaintiffs own choice in bringing the instant litigation—the courts' reasoning for rejecting litigation-induced emotional distress damages is inapplicable to the instant case.  *See Stoleson*, 708 F.2d at 1223 (no recovery for litigation-induced stress because alleged tortfeasor should be able to defend himself in court without multiplying his damages); *Timms*, 713 F. Supp. at 955 (no recovery because mental anguish attends all litigation); *Clark*, 660 F. Supp. at 1200 (no recovery because pursuit of affirmative litigation is a matter of choice).

Accordingly, the Court finds no reason to exclude evidence of Plaintiffs' emotional distress damages merely because they happen to have resulted from a separate litigation.[1]

---

[1] Defendants also state (without explanation or citation to authority) that they should not be liable for emotional distress damages because Plaintiffs asserted cross-claims in the Underlying Action.  (ECF No. 157 at 5.)  As it is not apparent what Defendants intend by such a statement, it does not affect the Court's decision not to exclude evidence of Plaintiffs' emotional distress damages.  Nothing in this ruling prevents Defendants from asserting any defense to liability for such damages as Defendants may wish to present.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendants' Motion *in Limine* (ECF No. 157) is DENIED;

2.      To minimize any prejudice to Defendants due to Plaintiffs' late disclosure of evidence of their damages, discovery is reopened from June 5, 2013 until June 23, 2013, for the sole purpose of permitting Defendants to conduct up to two depositions of no more than two hours each regarding Plaintiffs' evidence of damages; and

3.      Each party shall bear his, her, or its own costs associated with this reopened discovery period and the filing of the instant Motion.

Dated this 5th day of June, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge